IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
v. : CIVIL ACTION NO. 3:CV-04-0910
: (JUDGE KOSIK)
C/O NAGY and :
DONALD JONES, :
:
   Defendants. :

## MEMORANDUM

Before this court are the plaintiff's, "Application For Judicial Review," and, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-900, 907, 908, 909, and 910," filed on November 23 and 25, 2005, and construed together as a motion for reconsideration. (Docs. 74 and 75). For the reasons that follow, we will deny the plaintiff's motion for reconsideration. We will not disturb our September 27, 2005 Order entering judgment in favor of the defendants and closing this case.

## FACTUAL HISTORY

On February 5, 2003, the plaintiff filed his initial 42 U.S.C. § 1983 action, *Bartelli v. Beard, et al.*, 03-CV-0234, against the present defendants and dozens of other staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas), as well as officials in the Pennsylvania Department of Corrections. On April 14, 2003, we adopted a Report and Recommendation of Magistrate Judge Blewitt, dismissed Bartelli's claims against some of the defendants, and remanded the matter to the Magistrate Judge to direct the plaintiff to refile an

amended complaint that comported with Federal Rules of Civil Procedure 8 and 20(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 14. Magistrate Judge Blewitt then filed an order giving the plaintiff fifteen (15) days to file an amended complaint that contained only the claims and defendants that were related to the same transactions or occurrences and that had a common legal and factual basis. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 15.

The plaintiff subsequently filed motions seeking an extension of time to file the amended complaint and to stay the proceedings. *Bartelli v. Beard, et al.*, 03-CV-0234, Docs. 16-18. In the motion to stay, Bartelli acknowledged that he had not exhausted all administrative remedies related to the actions of SCI staff at issue in the litigation. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 18. We entered an order on May 22, 2003, dismissing the plaintiff's complaint without prejudice due to his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997 e(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 20.

The plaintiff filed the present action pursuant to 42 U.S.C. § 1983 on April 26, 2004, against Corrections Officer Nagy and Hearing Examiner Jones, both staff members at SCI Dallas. On April 27, 2004, this court issued a Standing Practice Order informing the plaintiff, among other procedural issues, of his obligation to notify the court in the event that he was transferred to a new prison. (Doc. 6). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt. On October 29, 2004, this court declined to adopt a Report and Recommendation of the Magistrate Judge that had suggested dismissing both

claims in the plaintiff's complaint due to expiration of the statute of limitations. (Doc. 12). Specifically, this court found that the statute of limitations was an affirmative defense which had to be raised as an affirmative defense. In his complaint, the plaintiff claims that: (1) defendant Nagy filed a false and fabricated misconduct report against the plaintiff in retaliation for the plaintiff's filing a grievance against Nagy on April 21, 2001; and, (2) on April 26, 2001, defendant Jones denied the plaintiff's request to present witnesses at the disciplinary hearing on the "false and fabricated" misconduct report. (Doc. 1). The defendants filed a motion for summary judgment or for judgment on the pleadings on May 25, 2005. (Doc. 57). Both parties briefed the motion. (Docs. 65 and 68).

Magistrate Judge Blewitt issued a Report and Recommendation on September 6, 2005, suggesting that we grant the defendants' motion for summary judgment or for judgment on the pleadings and dismiss both of the plaintiff's claims. (Doc. 71). Specifically, the Magistrate Judge determined that both claims should be dismissed as time-barred by the applicable statute of limitations, and additionally suggested that summary judgement be entered in favor of the defendants due to the fact Bartelli failed to exhaust his administrative challenges to the misconduct report and disciplinary hearings at issue in this case. We adopted the Report and Recommendation by a Memorandum and Order of September 27, 2005, granted the defendants' motion for summary judgment or for judgment on the pleadings, entered judgment in favor of the defendants, and closed this case. (Doc. 72).

On October 5, 2005, Bartelli filed a notice of change of address, indicating that he had been transferred from SCI Dallas to SCI Huntingdon. (Doc. 73).

Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court.  Neither the change of address, nor the document alleging interference with the plaintiff's mail referenced any case by name or provided a docket number.[1]

On November 23, 2005, the plaintiff filed a document entitled "Application For a Bill of Judicial Review." (Doc. 74).  On November 25, 2005, the plaintiff filed two letters with this court in which he once again complained that staff at SCI Huntingdon interfered with his legal mail. (Doc. 75).  The plaintiff dated the letters November 17, 2005, and labeled the document, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-0900, 0907, 0908, 0909, and 0910."  Bartelli also filed his own affidavit with documents that he contends support his claims of governmental interference. (Doc. 75, Exhibits).  We will construe the November 23 and 25, 2005 filings

---

[1]

> The October 5, 2005 letter alleging interference with legal mail was not docketed in the instant case, but may be found in several other cases in which Bartelli is a plaintiff. *See e.g., Bartelli v. Jones*, 04-CV-0906, Doc. 69. Bartelli filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. *See Bartelli v. Beard, et al.* 05-CV-1285.

together as a motion for reconsideration of this court's September 27, 2005 Order entering judgment in favor of the defendants.[2]

**DISCUSSION**

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Middle District Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

---

[2] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*). Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filing as a motion for reconsideration.

In this case, the plaintiff failed to file his motion for reconsideration within ten days of this court's September 27, 2005 Order. Rather, Bartelli filed his motion roughly seven weeks after we entered the Order closing the case. Accordingly, the plaintiff's motion will be dismissed as untimely.

The plaintiff's transfer to SCI Huntington does not excuse his failure to file the motion for reconsideration within the time allotted by the Local Rules. It appears that the plaintiff failed to inform this court of his transfer to SCI Huntingdon in a timely fashion, in contravention of the April 27, 2004 Standing Practice Order notifying him of his obligation to keep this court abreast of any address changes. (Doc.6). For some period of time, documents forwarded to the plaintiff at SCI Dallas were returned to the court. Bartelli waited until October 5, 2005, to forward a notice of his transfer to this court. Even then, Bartelli did not indicate a docket number on the notice. On the same date, he filed a letter asking the court for an extension until October 8, 2005, to file Objections to the various Report and Recommendations entered in his many lawsuits against SCI Dallas staff. *See Bartelli v. Jones*, 04-CV-0906, Doc. 69. The plaintiff did not meet the deadline he requested in the extension. He never attempted to file Objections to the Report and Recommendation. Instead, he waited until November 23, 2005, to file what we have construed as a motion for reconsideration of our September 27, 2005 Order. Any delay in the plaintiff's receipt of court documents, as well as his failure to object to the Report and Recommendation or file a timely motion for reconsideration, are solely the consequences of Bartelli's own inaction.

Additionally, the plaintiff's allegations that prison staff interfered with his mail

6

do not justify the late filing. The plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of August 31, 2005, or our Order adopting same on September 27, 2005. Rather, Bartelli's specific allegations of obstruction involve administrative filings and filings with this court up to April 29, 2005. He makes no assertions that prison staff inhibited his ability to receive or send mail after the Magistrate Judge entered his Report and Recommendation on August 31, 2005. *See* Bartelli Affidavit at 4, attached as an exhibit to Doc. 75. Moreover, the plaintiff offers no evidence, other than his own affidavit, to support the contention that prison staff ever interfered with his mail. Accordingly, the alleged interference with the plaintiff's legal mail does not justify plaintiff's failure to file objections to the Report and Recommendation or to file a timely motion for reconsideration of our Order entering judgment in favor of the defendants.

Finally, even if we were to disregard the late filing of the motion for reconsideration, we would nonetheless deny Bartelli's motion. Bartelli cites no recent precedent that would compel this court to revisit the September 27, 2005 Order. The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our decision. He merely restates the arguments found in his response to the defendant's motion for summary judgment and other previous filings. Bartelli additionally argues that the applicable statute of limitations has not run on his claims against the defendants. Rather, the plaintiff contends that the statute should have been tolled when he filed his initial complaint against roughly sixty SCI Dallas staff members and officials in the Pennsylvania

7

Department of Corrections on February 5, 2003.

As noted by the Magistrate Judge, a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal citations and quotations omitted). The dismissal of a complaint without prejudice after the statute of limitations has run effectively precludes a plaintiff from remedying any deficiency in the underlying claim by refiling the complaint. *Id.* In such circumstances, the order dismissing the complaint is considered a final and appealable order. *Id.* Here, the Plaintiff filed his initial action, *Bartelli v. Beard, et al.*, 03-CV-0234, on February 5, 2003. We dismissed the complaint without prejudice on May 22, 2003. The February 5, 2003 complaint had no affect on the running of the statute of limitations on any claims asserted by Bartelli. Bartelli's assertion that the statute of limitations was tolled is without merit. Moreover, he failed to present any newly discovered evidence or precedent that would cause us to revisit our prior order dismissing the plaintiff's complaint where both of Bartelli's claims were barred by the statute of limitations and because he failed to exhaust available administrative remedies on those claims. Accordingly, even if we were to overlook the untimely nature of the plaintiff's motion for reconsideration, we would nonetheless deny reconsideration of our September 27, 2005 Order. *See Harsco Corp.*, 779 F.2d 906 (holding motion for reconsideration used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which might have affected the

court's prior decision).³

**CONCLUSION**

Bartelli's November 23 and 25, 2005 filings, construed as a Motion for Reconsideration, will be denied. (Doc. 74 and 75). The motion was filed well beyond the time allotted for motions for reconsideration by Local Rule 7.10 (ten days). Bartelli failed to allege that any actions on the part of prison staff precluded him from receiving the Magistrate Judge's Report and Recommendation or our Order adopting same, or inhibited his ability to respond to those two filings. Bartelli's allegations of obstruction of mail are unsupported by any evidence and irrelevant to this motion. Even if we were to reach the merits of Bartelli's motion, we would not alter our September 27, 2005 Order as he failed to demonstrate that this court made a manifest error of law or fact, or to present newly discovered precedent or evidence that might have altered our prior decision. *See Harsco Corp.*, 779 F.2d 906. Accordingly, we will not disturb our Order of September 27, 2005.

---

³
　　We would similarly deny the plaintiff's motion if we were to construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on the basis of fraud or misconduct. As noted above, Mr. Bartelli's allegations of obstruction of his legal mail are unsupported and incredible. Additionally, he failed to allege that any misconduct on the part of prison staff affected his ability to respond to either the Report and Recommendation of September 6, 2005, or the Order adopting same filed on September 27, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
      v. : CIVIL ACTION NO. 3:CV-04-0910
: (JUDGE KOSIK)
C/O NAGY and :
DONALD JONES, :
:
   Defendants. :

## ORDER

AND NOW, this 21st day of DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Application For a Bill of Judicial Review" and, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910" (Doc. 74 and 75), together construed as a motion for reconsideration, are **denied**;

[2] the order dated September 27, 2005 (Doc. 72), adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendants' favor, and closing the case, will stand; and,

[3] any appeal of this order is deemed frivolous, without merit, and lacking in probable cause.

                                                                        s/Edwin M. Kosik
                                                                    United States District Judge